IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK CYPERT, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-1032-D |
| VS. | § | |
| | § | |
| USBC BANK USA NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| WELLS FARGO MORTGAGE | § | |
| ASSET-BACKED SECURITIES | § | |
| 2007-M09 TRUST, MORTGAGE | § | |
| ASSET-BACKED CERTIFICATES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
 AND ORDER 

In this removed action arising from a non-judicial residential foreclosure, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons explained, the court grants the motion and dismisses this suit with prejudice.

I

This is an action by plaintiffs Derek Cypert and Katherine Cypert (collectively, "the Cyperts") and Bormio Investments, Inc. ("Bormio") against defendant HSBC Bank USA National Association as Trustee for Wells Fargo Mortgage Asset-Backed Securities 2007-M09 Trust, Mortgage Asset-Backed Certificates ("HSBC").[1] Plaintiffs allege that HSBC

---

[1]In both the original petition and the amended complaint, plaintiffs incorrectly name HSBC as "USBC Bank USA National Association, as Trustee for Wells Fargo Mortgage

violated Tex. Const. Ann. art. XVI, §§ 50(a) and 50(a)(6)(Q)(x), and they assert a "holder in due course" claim in which they maintain that Wells Fargo Bank, N.A. ("Wells Fargo") must produce the original promissory note in order to foreclose on their property.  Plaintiffs seek a declaratory judgment that the deed of trust and lien claimed on their property are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50, and that, absent production of the original note with all necessary assignments, the deed of trust and lien claimed on their property are invalid because HSBC cannot prove that it is the holder in due course of the note.  Plaintiffs also seek damages and attorney's fees.

Plaintiffs allege in their amended complaint that, on May 23, 2007, the Cyperts refinanced their homestead located in Carrollton, Texas, executing a promissory note and deed of trust for the benefit of Wells Fargo, which is now HSBC.[2]  The promissory note was in the sum of $80,500.00, which plaintiffs allege was more than 80% of the fair market value of the property.  Plaintiffs also assert that the Cyperts were charged more than 3% in fees. At some point, Bormio purchased the property and is the current owner.

In September 2012 HSBC sought non-judicial foreclosure on the property.  Plaintiffs filed the instant suit in state court on January 31, 2013, seeking a declaratory judgment that

---

Asset-Backed Securities 2007-M09 Trust, Mortgage Asset-Backed Certificates." *See, e.g.*, Am. Compl. ¶ 3.

[2]In deciding defendant's Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to plaintiffs, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in plaintiffs' favor. *See*, *e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

the deed of trust and lien on plaintiffs' property are invalid because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50, and because HSBC cannot prove that it is the holder in due course of the promissory note.  HSBC filed a motion to dismiss under Rule 12(b)(6), to which plaintiffs did not respond.  The court granted the motion but permitted plaintiffs to replead.  Plaintiffs filed an amended complaint that is substantially the same as the one the court dismissed, and HSBC moves anew to dismiss for failure to state a claim on which relief can be granted.

## II

In deciding HSBC's Rule 12(b)(6) motion, the court evaluates the sufficiency of the amended complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive defendant's motion, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more

- 3 -

than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under the Rule 12(b)(6) standard, it is well settled that in order for a defendant to prevail on an affirmative defense at the pleadings stage, the plaintiff must normally plead itself out of court. *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. Jul. 29, 2009) (Fitzwater, C.J.).

III

Plaintiffs allege that HSBC violated the Texas Constitution because the loan amount on their homestead was more than 80% of the fair market value of the property and they were charged more than 3% in fees.[3] Defendants move to dismiss this claim on the ground that

---

[3]Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" § 50 of Article XVI to the Texas Constitution. Tex. Const. Ann. art. XVI, § 50(c). Section 50(a)(6) contains numerous requirements to which a home equity loan must adhere. Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value, and § 50(a)(6)(E) prohibits fees that, in the aggregate, exceed 3% of the original principal amount.

- 4 -

it is barred by the Texas residual four-year statute of limitations.

As noted above, for HSBC to be entitled to dismissal at the Rule 12(b)(6) stage based on limitations, plaintiffs must normally plead themselves out of court. The court holds that plaintiffs have. In their amended complaint, plaintiffs allege that, on or about May 23, 2007, they refinanced their property, closed on the property, and executed the promissory note and deed of trust at issue. They filed this lawsuit on January 31, 2013.

In *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that suits that seek to invalidate homestead liens that contravene the state constitution are governed by the Texas residual four-year limitations period. *Id*. at 673-74.[4] The panel concluded that this limitations period applies to constitutional infirmities under § 50(a)(6), and that claims alleging violations of this constitutional provision accrue at the time the unconstitutional loan is made. *Id.* at 674, 675. Plaintiffs challenge *Priester* and other decisions that reach the same result as wrongly decided and/or inapposite to plaintiffs' pleaded claim, but *Priester* is binding on this court and applicable here.

Based on *Priester*, plaintiffs' constitutional claims are subject to a four-year statute of limitations that began to run on May 23, 2007, the date the Cyperts refinanced their homestead. The limitations period expired on May 23, 2011. Plaintiffs' suit, filed January 31, 2013, is barred under the statute of limitations. *Id*. at 674-75; *see also McDonough v.*

---

[4]Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property." Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008).

*JPMorgan Chase Bank, N.A.*, 2013 WL 1966930, at *2-3 (S.D. Tex. May 13, 2013) (applying *Priester* to plaintiffs' § 50(a)(6) claims and holding that suit was barred by four-year residual limitations period).  Accordingly, plaintiffs' claims brought under the Texas Constitution are dismissed with prejudice as time-barred.

IV

HSBC also challenges plaintiffs' claim that, in order to foreclose on the property, HSBC is obligated to produce "the Original Note with all necessary assignments."  Am. Compl. ¶ 20.  In their response, plaintiffs focus all their attention on their constitutional claims and do not address this ground of HSBC's motion.

Plaintiffs' argument fails for a fundamental reason: HSBC need not be the holder of the promissory note to foreclose on plaintiffs' property.  The Fifth Circuit recently addressed this question in *Estate of Falk v. Wells Fargo Bank, N.A.*, ___ Fed. Appx. ___, 2013 WL 5614248 (5th Cir. Oct. 15, 2013) (per curiam).  In *Falk* the plaintiff contended on appeal that Wells Fargo, who foreclosed on the property in question, was not the holder of the mortgage note and, as a result, lacked the proper authority to foreclose because it was not a person entitled to enforce the note.  *Id.* at *2.  The panel rejected this contention.  It explained that "Texas courts have routinely concluded that a party does not have to be a holder of the mortgage note prior to conducting a non-judicial foreclosure."  *Id.*  Citing its opinion in *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), the panel noted that it had addressed a similar argument and had "concluded that an assignee of a mortgage does not have to be a holder of the note to foreclose."  *Falk*, 2013 WL 5614248, at *2.  In

support of this conclusion, it quoted the following passage from *Martins*:

> This claim—colloquially called the "show-me-the-note"
> theory—began circulating in courts across the country in 2009.
> Advocates of this theory believe that only the holder of the
> original wet-ink signature note has the lawful power to initiate
> a non-judicial foreclosure. The courts, however, have roundly
> rejected this theory and dismissed the claims, because
> foreclosure statutes simply do not require possession or
> production of the original note. The "show-me-the-note" theory
> fares no better under Texas law.

*Id.* (quoting *Martins*, 722 F.3d at 253).

And because HSBC need not be the holder of the promissory note to foreclose, it is

not necessary for HSBC to produce all the necessary assignments of the note.

V

HSBC also moves to dismiss plaintiffs' declaratory judgment claim. Plaintiffs seek

a judgment under Texas law declaring that the promissory note and deed of trust are not valid

because they do not secure a debt described by Tex. Const. Ann. art. XVI, § 50. They also

seek a declaration that, absent production by HSBC of the original note with all necessary

assignments, the promissory note and deed of trust on which HSBC relies are invalid because

HSBC cannot prove that it is the holder in due course of the promissory note.

Applying the federal Declaratory Judgment Act,[5] the court concludes that plaintiffs

---

[5]"When a declaratory judgment action filed in state court is removed to federal court,
that action is in effect converted into one brought under the federal Declaratory Judgment
Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL
1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*,
2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

have failed to state a plausible claim because HSBC is entitled to dismissal of both predicates for plaintiffs' request for declaratory judgment.

*     *     *

For the foregoing reasons, the court grants HSBC's motion to dismiss under Rule 12(b)(6).  Because the court has already afforded plaintiffs one opportunity to replead, it dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

October 30, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE